**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8615-GW-RAOx | Date | October 23, 2020 |
|---|---|---|---|
| Title | *Luis Licea v. Chegg, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING DATES**

      The Complaint in this action contains a single claim for relief for violation of California's Unruh Civil Rights Act ("Unruh"). Yet, defendant Chegg, Inc. ("Defendant") removed the case from Los Angeles County Superior Court, asserting this Court's federal question jurisdiction over the action. Based on the Court's *sua sponte* review of subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the subsequent review of the parties' papers on a forthcoming motion to remand, the Court will remand the action to state court, and vacate the October 29, 2020 hearing date for that motion to remand and a forthcoming motion to dismiss (and scheduling conference) set for November 2, 2020.

      Although plaintiff Luis Licea ("Plaintiff") certainly mentions in his Complaint that a violation of the Americans with Disabilities Act ("ADA") *can* constitute a violation of Unruh, *see* Complaint ¶ 3, and asserts that Unruh is "also" violated here because of a violation of the ADA, *see id.* ¶ 25, his sole claim is clearly based upon violation of a California statute. He may prevail on that claim without necessarily relying on the ADA for a violation of Unruh. *See id.* ¶¶ 22-24, 26. As such, there plainly is no federal question jurisdiction here under the prevailing test in such circumstances. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *see also Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 674-75 (9th Cir. 2012); *Castillo v. Tamara Mellon Brand, Inc.*, No. CV 19-10466-GW-MRWX, 2020 WL 703693 (C.D. Cal. Feb. 10, 2020); Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8615-GW-RAOx | Date | October 23, 2020 |
|---|---|---|---|
| Title | *Luis Licea v. Chegg, Inc., et al.* | | |

Rutter Group 2020), ¶¶ 2:592, 2:2527, 2:2561, 2:2567.

    Nor is Plaintiff under any obligation to commit, in this Court, to only proceeding by way of a purely Unruh-based theory once he returns to state court. Were that the case, the *Rains* rule would be of no force, because anytime a state court plaintiff mentioned federal law as merely *one* avenue – as opposed to a *necessary* avenue – for prevailing upon a claim, a federal court – otherwise lacking subject matter jurisdiction – could force the plaintiff to entirely abandon that theory. This Court simply does not believe that any federal district court taking a different approach on this particular question is acting within the confines of its power.

    Plaintiff, as the master of his Complaint, was entitled to state a claim only under Unruh, even though he might also have attempted to state a claim directly under the ADA. Defendant has not succeeded in finding a way to persuade the Court otherwise. The Court lacks subject matter jurisdiction over the action. The hearings and scheduling conference set for October 29 and November 2, 2020, are vacated, and the action is remanded forthwith to Los Angeles County Superior Court.

    It is so ordered.

:

Initials of Preparer    JG